UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHARON J.,

                Plaintiff,               **DECISION AND ORDER**

      v.

                                     6:22-CV-06546 EAW

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

# INTRODUCTION

Represented by counsel, Plaintiff Sharon J. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for disability insurance benefits ("DIB"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 6; Dkt. 9), and Plaintiff's reply (Dkt. 10). For the reasons discussed below, Plaintiff's motion (Dkt. 6) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion (Dkt. 9) is denied.

## BACKGROUND

Plaintiff protectively filed her application for DIB on February 18, 2020. (Dkt. 5 at 24, 87).[1] In her application, Plaintiff alleged disability beginning January 22, 2020, due to diabetes, high blood pressure, migraines, depression, anxiety, GERD, and high cholesterol. (*Id.* at 24, 75-76, 89). Plaintiff's application was initially denied on July 15, 2020. (*Id.* at 24, 109-12). A telephone hearing was held before administrative law judge ("ALJ") Nancy McCoy on October 7, 2021. (*Id.* at 24, 40-74). On December 2, 2021, the ALJ issued an unfavorable decision. (*Id.* at 21-35). Plaintiff requested Appeals Council review; her request was denied on October 7, 2022, making the ALJ's determination the Commissioner's final decision. (*Id.* at 14-20). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II. Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of

Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id*. § 404.1509, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I.     The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 404.1520. Initially, the ALJ determined that Plaintiff meets the insured status requirements of the Act through December 31, 2024. (Dkt. 5 at 26). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since January 22, 2020, the alleged onset date. (*Id*.).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of lateral epicondylitis of the left upper extremity, diabetes mellitus – type 2, and hypertension.  (*Id.* at 27).  The ALJ further found that Plaintiff's medically determinable impairments of allergic rhinitis, vitamin D deficiency, hyperlipidemia, gastroesophageal reflux disease, petechiae of the skin, purpura, word-finding and stuttering, transient cerebral ischemic attack, tension/migraine headaches, pineal gland cyst, obesity, depressive disorder, and anxiety were non-severe.  (*Id.* at 27-30).  With respect to Plaintiff's representations that she suffered from problems with balance, tremors, and shaking, the ALJ concluded that these were not medically determinable impairments.  (*Id.* at 30).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing.  (*Id.*).  The ALJ particularly considered the criteria of Listings 1.18, 1.21, 9.00. and 11.02 in reaching her conclusion.  (*Id.* at 30-31).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with the additional limitations that Plaintiff:

> could frequently climb ramps and stairs, never climb ladders, ropes, or scaffolds, frequently stoop, kneel, and crouch, and occasionally balance and crawl.  [Plaintiff] is unable to tolerate exposure to hazards, such as unprote[c]ted heights and large moving machinery.

(*Id.* at 32).  At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a retail cashier/stocker/storekeeper and retail manager, as that work does not require the performance of work-related activities precluded by Plaintiff's RFC.  (*Id.*

at 34-35). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 35).

## II.     Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to remand this matter to the Commissioner, arguing that (1) the ALJ failed to consider all of Plaintiff's impairments, including mental impairments she found to be non-severe, in assessing the RFC, and (2) the ALJ's physical RFC finding is based on her lay judgment, because she rejected the state agency reviewing consultants' opinions, and included unexplained limitations regarding Plaintiff's fluctuating glucose levels and left elbow pain. (Dkt. 6-1 at 1, 5-9). Because the Court finds that the ALJ failed to consider Plaintiff's mental limitations when assessing the RFC, remand of this matter is necessary.

Plaintiff's arguments concern the ALJ's assessment of the RFC. In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). While an ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in h[er] decision," *id.*, an ALJ is not a medical professional, and therefore she "is not qualified to assess a claimant's RFC on the basis of bare medical findings," *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation and citation omitted). At bottom, "[a]n RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (finding it was proper for the ALJ "pursuant to his statutory authority . . . [to]

consider[ ] the medical and other evidence in the record in its totality to reach an RFC determination"); *see also Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) ("Where . . . the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." (quotations, citations, and alteration omitted)).

A.     **Consideration of Plaintiff's Mental Impairments**

Plaintiff's first argument is that the ALJ failed to consider her non-severe mental impairments when assessing the RFC. (Dkt. 6-1 at 5-7). In response, the Commissioner contends that the ALJ reasonably evaluated the evidence relating to Plaintiff's mental impairments and correctly concluded that those impairments were non-severe, and also that the RFC does not have to account for the ALJ's finding of mild limitations in the four broad areas of mental functioning at step two of the sequential analysis. (Dkt. 9-1 at 6-14).

At step two of the sequential analysis, the ALJ concluded that Plaintiff's mental impairments of depressive disorder and anxiety were non-severe. (Dkt. 5 at 28). In doing so, the ALJ considered the four broad areas of mental functioning—understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself—and concluded that Plaintiff had mild limitations in each of these categories of functioning. (*Id.* at 28-30).

Plaintiff does not appear to dispute the finding that her mental impairments were non-severe or caused only mild limitations—rather, she contends that the ALJ erred because she did not discuss these mental limitations when assessing the RFC. (*See* Dkt. 6-1 at 5 (noting ALJ's finding at step two of mild mental limitations in the four areas of

mental functioning, and despite this "the ALJ included no mental limitations whatsoever in the RFC and she did not even discuss Plaintiff's mental limitations in her discussion of the RFC")).

The regulations instruct the ALJ to apply a "special technique" in determining whether medically determinable mental impairments are severe. 20 C.F.R. § 404.1520a. The special technique instructs the ALJ to consider the aforementioned broad areas of mental functioning. *Id*. at § 404.1520a(c). Notably, the special technique used to assess the severity of a mental impairment at step two is "not an RFC assessment," and is distinct from the RFC finding. *See David Q. v. Comm'r of Soc. Sec.*, No. 20-CV-1207MWP, 2022 WL 806628, at *5 (W.D.N.Y. Mar. 17, 2022) ("it is well-established that the step-two analysis is 'analytically distinct' from the RFC analysis"). The ALJ acknowledged this fact at the conclusion of her application of the special technique (*see* Dkt. 5 at 30 ("The limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment.")), but she then failed to discuss the limitations caused by Plaintiff's non-severe mental impairments when assessing the RFC.

In response to Plaintiff's argument, the Commissioner contends that an ALJ need not necessarily include mental limitations in an RFC finding where they have found that the claimant had only mild mental limitations. (*See* Dkt. 9-1 at 11 (citing *Lynette W. v. Comm'r of Soc. Sec.*, No. 19-CV-1168-FPG, 2021 WL 868625, at *4 (W.D.N.Y. Mar. 9,

2021) ("'mild limitations' do not necessarily 'require the addition of mental limitations in the RFC'")). While the assessment of mild mental limitations may not necessarily require the inclusion of a mental RFC, such an assessment does not preclude the inclusion of mental limitations in the RFC, and there may be instances where the ALJ assesses a mental RFC to account for mild mental limitations. Here, the written determination does not even mention, let alone contain any discussion of, Plaintiff's mental impairments in connection with the RFC assessment, nor does the RFC assessment include any mental limitations. The lack of any discussion is despite the fact that in connection with the special technique, the ALJ acknowledged some limitations in mental functioning. (*See, e.g.*, Dkt. 5 at 28 ("On function reports, the claimant related some issues with memory and remembering words when speaking."); *id*. at 29 ("The claimant related issues with concentration . . ."); *id*. ("On function reports, the claimant related that she does not handle stress well, but handles changes in routine 'ok.'")). The Court is therefore left to speculate regarding why the RFC does not include any mental limitations, and by extension whether the RFC is supported by substantial evidence. *See Cecelia J. v. Comm'r of Soc. Sec.*, No. 19-CV-1483-HBS, 2021 WL 431673, at *3 (W.D.N.Y. Feb. 8, 2021) ("It is well-established that an ALJ must express the reasons underlying his findings with enough clarity to afford 'meaningful judicial review.'" (citation omitted)).

The ALJ's failure to include any discussion of Plaintiff's non-severe mental limitations in the RFC is error. *See, e.g., David Q.*, 2022 WL 806628, at *4-5 (where the ALJ concluded that the plaintiff's non-severe depressive disorder caused only mild limitations in mental functioning, explaining that "[e]ven if the ALJ's step-two severity

determination were supported by substantial evidence . . . I find that the ALJ still committed error by failing entirely to address or account for any functional limitations associated with plaintiff's major depressive disorder in the RFC assessment," noting that the RFC analysis did not discuss or evaluate the extent to which that impairment affected the plaintiff's ability to do sustained work activities, and further noting that "the ALJ did not satisfy this requirement through application of the 'special technique' at step two"); *Valerie L. v. Comm'r of Soc. Sec.*, No. 20-CV-637-LJV, 2022 WL 409575, at *1-2 (W.D.N.Y. Feb. 10, 2022) (agreeing that the ALJ failed to consider the plaintiff's non-severe mental impairments when formulating the RFC, and explaining that "[i]n her step two analysis, the ALJ noted that 'the following [RFC] assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.' But that conclusory assertion is insufficient to satisfy the Commissioner's own requirement that the 'RFC assessment . . . include a narrative discussion describing how the evidence *supports each conclusion*, citing specific medical facts [e.g., laboratory findings] and nonmedical evidence [e.g., daily activities, observations].'" (citations omitted)); *Jatava L. v. Comm'r of Soc. Sec.*, No. 1:20-CV-0772-MJR, 2021 WL 4452265, at *5 (W.D.N.Y. Sept. 28, 2021) ("[E]ven if the record did support a step-two finding that plaintiff's mental impairments were non-severe, the ALJ was still obligated to consider those impairments in formulating the RFC. Regulations and case law are clear that an RFC determination must account for limitations imposed by both [severe] and non-severe impairments. Such an accounting did not occur here. Indeed, despite giving significant weight to Dr. Dolan's finding that plaintiff had mild mental health limitations in two areas of functioning, the ALJ did not

include any mental limitations in the RFC nor did he explain the absence of such limitations. At a minimum, the ALJ's reasoning as to why he did not include any mental limitations in the RFC should have been stated in his decision." (citation omitted)); *see also Sandra J. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00272 EAW, 2023 WL 3734289, at *5 (W.D.N.Y. May 31, 2023 ("The ALJ's analysis of the Paragraph B criteria at step two is no substitute for his express consideration of limitations arising from Plaintiff's mental impairments in connection with the RFC determination.").

Further, the ALJ's failure to discuss or otherwise account for Plaintiff's non-severe mental limitations is prejudicial, given the ALJ concluded that Plaintiff was capable of performing her past relevant work, which is classified as skilled or semi-skilled. (Dkt. 5 at 34-35). Accordingly, remand is required. *See Sandra J.*, 2023 WL 3734289, at *6 ("Moreover, in this case, the error cannot be deemed harmless, particularly in light of the ALJ's conclusion deeming Plaintiff capable of performing her past relevant work in a skilled position."). On remand, the ALJ shall consider and discuss both Plaintiff's severe and non-severe impairments, including any mental limitations, when assessing the RFC.

B. **Plaintiff's Remaining Argument**

As set forth above, Plaintiff has identified an additional reason why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reason previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec.

1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 6) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings (Dkt. 9) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: February 12, 2024
      Rochester, New York